IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| CLAROS DIAZ MANUEL DE JESUS, | ) | |
| Petitioner, | ) | |
| v. | ) | 1:26-cv-2587 (AJT-LRV) |
| TODD BLANCHE, *et al.*, | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Manuel De Jesus Claros Diaz's Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), filed on August 14, 2026.

Petitioner is citizen of El Salvador, who entered the United States without inspection in or around July 2009. *Id.* ¶ 19. Petitioner does not have a criminal record. *Id.* ¶ 20. On July 29, 2026, Petitioner was arrested by immigration authorities and transferred to Farmville Detention Center, where he remains detained without any opportunity to post bond. *Id.* ¶¶ 3, 7, 22. Petitioner argues that his ongoing detention violates the Immigration and Nationality Act and his constitutional due process rights. *Id.*

On August 19, 2026, in response to a Court order, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford*, No. 1:25-CV-01565-AJTWBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 4]. In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and as a matter of constitutional due process, Petitioner is entitled to a bond

hearing before an Immigration Judge. Accordingly, the Petition is **GRANTED** and it is hereby

**ORDERED** that Petitioner be immediately released from custody with all his personal property, pending his bond hearing before an immigration judge; and it is further

**ORDERED** that Petitioner live at a fixed address and file that address to the Court under seal within twenty-four (24) hours of the issuance of this Order[1]; and it is further

**ORDERED** that should Respondents seek to re-detain Petitioner in the future, they must first provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) with at least seven days' notice of its date, time, and location; and it is further

**ORDERED** that Respondents are ENJOINED from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), or from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is detained pursuant to a valid, final order of removal.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

August 20, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge

[1] For purposes of Petitioner's Notice of Fixed Address only, Petitioner should file that notice under seal without filing any of the accompanying materials otherwise required by Local Civil Rule 5.